UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEON PERCIVAL, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09CV1231 CEJ |
| ) | |
| ACCESS CATALOG COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 220239), an inmate at Marquette Branch Prison in Marquette, Michigan, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $.67. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $3.34, and an average monthly balance of $0. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $.67, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by

mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 1951-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c), the Michigan Constitution, and the Michigan Consumer Protection Act, MCL § 445.903. Plaintiff additionally asserts Michigan state law claims for breach of contract and fraud. Named as the defendant is Access Catalog Company, an affiliate of Keefe Group, a company involved in packing and distributing consumer products to correctional facilities.

In a conclusory fashion, plaintiff alleges that defendant acted in a fraudulent manner when it offered inmates appliances "at higher retail prices than offered to consumers in free society." Plaintiff complains that he "entered into a contract" with defendant in July of 2007 to buy a television set for $160.06 that he believed (based on the pictures in the catalog) had speakers. Plaintiff states that instead of providing him with the television he purportedly ordered, defendant gave him a television that

had been "altered," in that it had no speakers. Plaintiff asserts that defendant's actions were both fraudulent and a breach of the sales contract, in addition to violations of both the Civil Rights Act and the Michigan Consumer Protection Act. Plaintiff also asserts that these actions were in violation of RICO.

Also in a conclusory fashion, plaintiff asserts that the Michigan Department of Corrections conspired with defendant to raise prices for prison goods received through defendant, in that the two entities entered into a "non-competition agreement" whereby defendant is the alleged sole provider of retail goods to prisoners in "all MDOC facilities across the state." Plaintiff believes such actions violate the Civil Rights Act and the Michigan and Federal Constitutions.

Additionally, plaintiff asserts in yet another conclusory fashion that defendant interfered with his right of access to courts by raising the prices for typing paper and other unspecified legal supplies. Plaintiff, however, fails to identify any prejudice suffered as a result of the aforementioned conduct.

Lastly, plaintiff asserts that "the implementation of a 10% surcharge in addition to 6% Michigan sales tax on food items and miscellaneous items violates the Michigan Constitution expressly prohibiting tax on food."

Plaintiff seeks "$250 in damages for violation of the MCPA statute, $3,000 for damages [for breach of contract], $430.18 for RICO violation, $5,000 in punitive damages for violation of Constitutional violations [sic]," and other declaratory relief.

## Discussion

Plaintiff's complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915(e)(2)(B).

To state a claim under 42 U.S.C. § 1983, plaintiff must assert that he has been deprived of a right, privilege or immunity "secured by the Constitution and laws" of the United States by a person acting under color of state law. Plaintiff's claim that defendant defrauded him with respect to the sale of a television is not actionable under § 1983 because it does not involve the deprivation of a right, privilege or immunity secured by the United States Constitution or other federal laws or action by a person acting under color of state law. Additionally, plaintiff's assertions regarding defendant's purported "non-competition" agreement with the Michigan Department of Corrections are insufficient to establish conduct actionable under § 1983.

Plaintiff has not stated a claim of denial of access to courts, as he does not allege that he suffered actual prejudice to a non-frivolous legal claim. Lewis v. Casey, 518 U.S. 343, 349-55 (1996) (right of access to courts requires showing that inmate had non-frivolous legal claim actually impeded or frustrated).

To the extent that plaintiff has attempted to plead that defendant and the Michigan Department of Corrections conspired, under § 1983, to raise prices for prison goods, the allegations fall far short of showing a "meeting of the minds" concerning unconstitutional conduct. Although an express agreement between the purported conspirators need not be alleged, there must be something more than the summary allegation of a conspiracy before such a claim can withstand dismissal. See Mershon v. Beasely, 994 F.2d 449, 451 (8th Cir. 1993).

Plaintiff's RICO claims are also subject to dismissal. "The RICO Act makes it unlawful for any person to conduct the affairs of an enterprise through a pattern of racketeering activity." Bennett v. Berg, 685 F.2d 1053, 1060 (8th Cir. 1982) citing

18 U.S.C. § 1962(c) (quotation marks and footnotes omitted). "Racketeering activity" is defined in 18 U.S.C. § 1961(1) and includes "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance" and various activities which are prohibited by state and federal law, such as extortionate credit transactions. The complaint does not contain any non-conclusory factual allegations that would rise to the level of "racketeering activity." Plaintiff merely states, in a conclusory fashion, that he believes defendant acted unlawfully in raising prices for goods sold to inmates. However, plaintiff's allegations are devoid of facts that would give rise to a plausible claim for relief. As a result, plaintiff's claims under RICO fail to state a claim upon which relief can be granted.

With respect to plaintiff's state law claims for fraud and breach of contract, as well as those brought under the Michigan Constitution and Michigan Consumer Protection Act, the Court declines to exercise supplemental jurisdiction over these claims. See 28 U.S.C. § 1367(c)(1).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $.67 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 18th day of August, 2009.

                                            CAROL E. JACKSON
                                            UNITED STATES DISTRICT JUDGE